# DECISIONS

OF THE

# SUPREME COURT OF MISSOURI.

THIRD JUDICIAL DISTRICT,

SEPTEMBER TERM, 1842.

---

WITHINTON & OTHERS v. WITHINTON & OTHERS.

1. The statute concerning "Wills," (R. C. 1835, p. 617) requires that the subscribing witnesses to a Will should attest, not only the corporal act of signing, but the sanity of the testator at the time of signing. Proof by one of the subscribing witnesses only, that the testator was of sound mind, is insufficient.
2. The judgment of the circuit court will not be reversed for improperly refusing to give an instruction, when the giving of the instruction would not have availed the party asking it.

Error to St. Louis Circuit Court.

GAMBLE & SPALDING for Plaintiffs in Error.

GEYER for Defendants in Error.

*Opinion of the Court, delivered by Tompkins, Judge.*

Thomas Withinton and others, defendants in error, filed their petition in the circuit court of St. Louis county, stating that Thomas Withinton, senior, sometime in the month of March, 1838, died, as they believed, intestate; and that at the August term of the county court next succeeding, viz: in August, 1838, Emilie Withinton, widow of William Withinton deceased, appeared before the said

SEPT. TERM,
1842.

Withinton &
others   v.
Withinton &
others.

court, and produced a paper writing with the certificate of acknowledgment thereof, and also a certificate of the record thereof, and offered to prove the same as a will; and that probate thereof was allowed by the said county court, as the last will and testament of said Thomas Withinton senior, deceased.    The will was in the words following, viz: Know all men by these presents, that I, Thomas Withinton, senior, of the State of Missouri and county of St. Louis, for and in consideration of the sum of one dollar to me in hand paid by William Withinton, of the county and State aforesaid, the receipt of which I do hereby acknowledge, have granted, &c., unto the said William Withinton, the tract of land whereon I now live, at my decease, containing, &c., to have and to hold the said tract of land, with all and singular, the improvements, &c.    In testimony whereof, I hereunto set my hand and seal, this 17th day of May, A. D. 1830, Thomas Withinton, in presence of Joseph Walton.    Then followed an acknowledgment of the same before a justice of the peace, as follows: State of Missouri, county of St. Louis -ss: Be it remembered, that on the 17th day of May, 1830, personally came Thomas Withinton, who is personally known to me to be the person who signed the foregoing instrument of writing; who acknowledged it to be his act and deed; and that he executed the same for the purpose therein mentioned, &c.    It appears by the clerk's certificate to have been recorded on the 31st of May, 1838.    The defendants below, plaintiffs in error, here appeared, and an issue was made up whether this was the will of Thomas Withinton, senior.    The issue being found for the plaintiffs, defendants in error here, judgment was accordingly given; to reverse which this writ of error is prosecuted.

Joseph Walton, the subscribing witness, being called, stated that he was present in the house of the said Thomas Withinton, senior, when the said instrument of writing was written by Fergus Ferguson, since deceased, and when the acknowledgment of the same was taken and written by the said Ferguson: that he signed his name

SEPT. TERM,
1842.

Withinton &
others v.
Withinton &
others.

as witness to the said instrument, at the request of the said Thomas Withinton, senior, but does not recollect to have seen said Withinton sign said writing: he was present at the time of the writing and executing of said instrument at the request of said Thomas Withinton, senior, made to him some two or three days previous, and saw said Fergus Ferguson write said instrument, and heard him take the acknowledgment of said Withinton thereto, and saw said Ferguson write said acknowledgment. As well as the witness recollects, said Thomas Withinton retained said instrument of writing in his own possession, and said that he meant to keep the land mentioned in the same until his death: that he would not give the right to any person to dispossess him during his life; and that he would keep said instrument during his life. Witness never saw said instrument delivered by said Thomas to any person; and, as well as he recollects, said William Withinton was not in the house during the time of writing and executing the instrument aforesaid: nor does he recollect to have seen him at the house during that day. The writing was acknowledged by the said Thomas, and witnessed by the said Walton on the same day.

The plaintiffs below, defendants in error, prayed the court to instruct the jury, that the instrument of writing produced as the will of Thomas Withinton, senior, deceased, is not duly attested as a will according to the laws of the State. This instruction the court gave, and the plaintiff in error excepted. The plaintiff in error prayed the court to instruct the jury to this purpose: 1st. That the certificate of acknowledgment before the justice of the peace, is equivalent to the signature of a witness: and 2nd., That the intention of the testator to make a deed when he signed said instrument, does not prevent said instrument from being and operating as a will. To pass over the last question raised by the defendant below, whether a deed in form made to take effect, as in this case, after the death of the maker, is a will, I will enquire whether this instrument is attested as required by the statute. The fourth section of the act

SEPT TERM,
1842.

Withinton &
others   v.
Withinton &
others.

respecting wills declares that, "Every will shall be in writing, signed by the testator or testatrix, or by some person by his direction, in his presence; and shall be attested by two or more competent witnesses subscribing their names to the will, in the presence of the testator." The British statute concerning devises of land is similar to our statute of wills, except that it requires three witnesses. Powel on devises says, the third and fourth solemnities required by this statute are, the attestation and subscription. In the application of this word "attested," to the act of executing the will, the legislature has been considered in the construction of it, as having called the attention of the persons attesting to three several objects; one of which applies to the testator himself, the other two to the instrument: First, that which relates to the testator, is with regard to his sanity, an attention to which is in the witness a necessary inference, as well from the nature of the transaction as from the objects of the statute. The name of the instrument necessarily imports, that there must be a capacity of disposing in the *devisor* at the time of executing it; and that is so essential to its validity, that a formal declaration of his sound and disposing mind, is become the introductory clause in such instruments. In the construction, therefore, of this statute, it has been held that the legislature, when *it* required witnesses to attest the signing, must, by implication, have required them to attest the capacity of signing, &c. The business then of the person required by statute to be present at executing a will, is not barely to attest the corporal act of signing, but to *try, judge, and determine* whether the testator is compos to sign. In conformity with this doctrine, it was said by Lord Hardwicke, in the case of Wallis v. Hogson, 2 Atk., 56,—"That it had been determined over and over, that the devisee must show the devisor to have been of sound and disposing mind, when a will was to be established as to real estate; proving that it was well executed according to the statute of frauds, and perjuries was not sufficient;" see p. 69 of 1st Am. edition. This reasoning applies with pe-

culiar force to a will made under our statute, which, in express terms, requires the testator to be of *sound* mind; see 1st section: whereas the author tells us that in the construction of the British statute, it had been held that the legislature, when it required witnesses to attest the signing, must, by implication, have required them to attest the capacity of signing. What the English parliament then required by implication only, our statute of wills requires in express terms. For, by our statutes, none but persons of sound mind can make a will. What, under our statute, was the duty of the justice who took the acknowledgments of this instrument of writing, which the probate court has set up as a will? Certainly it was nothing more than to ascertain that the maker of the writing, and the person acknowledging it were the same. Walton, the subscribing witness, might have proved the execution, and the justice's certificate of the proof would equally, with the acknowledgment of the maker, have entitled the instrument of writing to a place on the record; section 13, of the act regulating conveyances, p. 121 of the digest of 1835. His certificate, if he had certified any thing else than the identity of the maker and of the person acknowledging, would then have been void, inasmuch as he would have certified what the law did not require. It cannot then be inferred from that certificate of the justice that the maker was of sound mind. One witness only, then, has proved this testator to have been of sound mind, and the law requires two: the written instrument is not then a will. Again, suppose there were no subscribing witness to this instrument, and that it could not take effect as a deed, would not the party producing it be compelled to prove the hand writing of the maker, before he could call on the justice to prove that the maker had acknowledged it before him? or would not that be the only testimony to entitle the party to read it in court? Witnesses are called in case of deed, that the party claiming against the grantee may know, not only the truth of the signing the corporal act, but, also, whether the deed were made under circumstances that indicate

Withinton & others v. Withinton & others.

The statute concerning "wills," (R. C., 1835, p. 617,) requires that the subscribing witnesses to a will, should attest, not only the corporal act of signing, but the sanity of the testator at the time of signing. Proof by one of the subscribing witnesses only that the testator was of sound mind, is insufficient.

SEPT. TERM.
1842.

Withinton &
others    v.
Withinton &
others.

The judg-
ment of the
circuit court
will not be re
versed for im-
properly re-
fusing to give
an instruction,
when the giv-
ing of the in-
struction
would not
have availed
the party ask-
ing it.

that it was the voluntary act of the maker.  For, as above observed, the certificate of acknowledgment, or the proof before the justice, is for no other purpose than to establish the identity, in order to let it be put in the record for the purpose designated by the statute.  I am inclined to believe, that the court committed error in refusing to instruct the jury, that the intention of the testator to make a deed, when he signed the said instrument of writing, does not prevent the said instrument from being and operating as a will.  It was the fault of the defendant to ask the instructions: the point does not seem to have been controverted by the plaintiff below: he did not at least ask a contrary instruction.  But the judgment must not be reversed because this instruction was refused, which, if it had been given, could have availed the defendant nothing, the other being given which the plaintiff had asked.  The judgment of the inferior court is therefore affirmed.